**RESHMA KAMATH**
Mailing Address: 700 El Camino Real, Suite 120,
#1084, Menlo Park, California 94025, United States |
Phone: 650 257 0719 |
E-mail: reshmakamath2021@gmail.com |
Plaintiff, *In Propria-Persona*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHMA KAMATH,<br><br>    Plaintiff,<br><br>v.<br><br>ITRIA VENTURES LLC, a Delaware LLC; AMIT MISHRA, an individual; BIZ2CREDIT, INC., a New York Corporation; PATRICK COLE, an individual with the pseudonym, and DOES 1-10, inclusive,<br><br>    Defendants | **Case No.: 5:23-cv-05153-SVK**<br>[*Honorable District Judge Susan van Keulen*]<br><br>**PLAINTIFF RESHMA KAMATH'S REQUEST FOR LEAVE TO FILE A *SUR*-REPLY; AND FURTHER JUSTIFICATION FOR SANCTIONS REQUESTED IN THE OPPOSITION IN THE AMOUNT OF $10,500 AGAINST ATTORNEYS JASON TAKENOUCHI AND HARRISON SMALBACH;**<br><br>Date: January 23, 2024<br>Time: 10:00 a.m. PT<br>Dep't: Courtroom 6, 4th Floor |

*TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD, HEREIN:*

# *PLAINTIFF RESHMA KAMATH'S REQUEST FOR LEAVE TO FILE A SUR-REPLY*

*Plaintiff RESHMA KAMATH requests leave to file a Sur-Reply to the Defendants' misleading misrepresentations to the court in their Reply that were not included in their initial Motion to Dismiss. Nicholson v. Hyannis Air Serv.*, **Inc., 580 F.3d 1116 (9th Cir. 2009.)**

Leave to file a *sur*-reply is discretionary but should only be granted "where a valid reason for such additional briefing exists, such as the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); see also *Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017); See, where "a [party]'s reply brief may justify a sur reply in appropriate circumstances." *Gordan Ocampo v. Corizon, LLC*, 2019 WL 1495251, at *3 (D. Idaho April 4, 2019) 230(l). A district court may allow a sur-reply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005.)

***Further, Plaintiff contends that the law bars the introduction of new evidence in the Reply.*** "The Court agrees with Defendants, however, that the introduction of new facts is inappropriate in a reply brief." See, e.g., *Roth v. BASF Corp.*, 2008 WL 2148803,

at *3 (W.D.Wash. May 21, 2008); *Trueblood v. Wash. State Dep't of Soc. & Health Servs.* (W.D. Wash. 2014) 73 F. Supp. 3d 1311, 1317.

On January 2, 2024, the Defendants filed a Reply not only including statements with no basis in fact, but also Plaintiff's privileged confidential statements to the court between Plaintiff and Attorney Harrison Smalbach.

The entire set of Defendants' statements is falsified:

***Defendants' falsified set of statements # 1:***

"In early August, after Itria conducted further due diligence, Itria offered Kamath $20,000 to $30,000 in funding—less than the $50,000 she originally sought. Id. ¶19. Kamath complained about the lesser amount, and communications then ceased for several weeks. Id. ¶20."

***<u>Plaintiff's correction of Defendants' falsities with rebuttal:</u>***

- Plaintiff had contacted Defendant Biz2Credit. (*See*, Complaint.)
- Defendants falsely mislead the Court by using Itria and Biz2Credit interchangeably. (*See,* reply to motion to dismiss.)
- Any and all advertisements of Biz2Credit were only under the name of

3

"Biz2Credit," not Itria. Thus, Defendants are misleading the court to believe they have made some kind of factual statement – when they have not. The Complaint does not verbatim state what the Defendants have sought to paraphrase in their Reply to the Motion to Dismiss.

- Plaintiff was never contacted by any entity named "Itria." (Whether the two corporate persons were dbas was not even clarified until the filing of this Complaint – even at the UCC-lien stage that Plaintiff discovered on August 30, 2023, the two corporate persons remained as separate entities.)

- Plaintiff had not remained in communication with any entity named "Itria" even until August 30, 2023.

- Plaintiff had only reached out to Defendant Patrick Cole (who Plaintiff believes uses a pseudonym to operate the business and sign off of on e-mails.)

- Plaintiff had seen the name of a person called "Summit" and had a funding call for $50,000 with an individual named "Rahul."

- After the funding call for $50,000, Plaintiff decided she was not interested in the loan at that time.

- Other than these three natural persons, Plaintiff had not communicated with anyone named Defendant "Amit Mishra" and/or Defendant "Itria."

- The Complaint cannot even be dismissed now, because there are genuine issues of credible material fact.

4

***Defendants' falsified set of statements # 2:*** "On August 30, 2023, Kamath alerted Biz2Credit and Itria that a UCC-1 Financing Statement—a protective notice that was authorized by the parties' agreement—was on the California Secretary of State's website. Id. ¶24. Defendants removed the notice that same day, as shown by the Secretary of State's records. Dkt. No. 9-3, RJN Ex. B."

***<u>Plaintiff's correction of Defendants' falsities with rebuttal:</u>***

- Neither did Plaintiff Reshma Kamath complain about the "lesser amount" nor was Itria's offer less than "$50,000 she originally sought."

- Defendant Biz2Credit, not Itria, was in constant communication with Plaintiff Reshma Kamath.

- Defendants' misleading statement that Plaintiff Reshma Kamath's "alert" was to Itria is Defendants' falsified statement.

- On August 30, 2023, the UCC-CA Secretary of State administrative staff provided Amit Mishra contact's information – who for the first time ever was affiliated with Defendant Biz2Credit for Plaintiff.

- The "protective notice" term in Defendants' Reply is also a misleading term, because that implies Defendants had either decided to fund, or would fund Plaintiff. However, Defendants concede that they were conducting "further due diligence."

- From July 05, 2023 to August 30, 2023, until Plaintiff reached out, Defendants did not utter a word about the UCC-1 financing statement, and/or a lien. Only after Plaintiff contacted Defendant Patrick Cole on a hunch and then researching for affiliations for Amit Mishra to any corporate entity known to Plaintiff, did the connection between Defendant Mishra, Defendant Patrick Cole, and Defendant Biz2Credit, Inc. become clear.

***Defendants' falsified set of statements # 3: Defendants' Introduction of New Evidence in Reply brief, i.e., Exhibit A attached to Attorney Jason Takenouchi's declaration attached with Plaintiff's "privileged, confidential statement" demonstrating Plaintiff's efforts at dispute resolution pre-Complaint.***

### ***Plaintiff's correction of Defendants' falsities with rebuttal:***

The Defendants' introduction of the **Exhibit A** in the reply to motion to dismiss not only as part of Attorney Jason Takenouchi's declaration – where he submitted a **confidential, privileged statement** of Plaintiff in Plaintiff's meet-and-confer effort to settle pre-Complaint, but also that the introduction of new evidence in a Reply, is generally forbidden.

- Plaintiff intends to object to such introduction of new evidence from Defendants.

6

It is improper to present new evidence in a reply. *Provenz v. Miller*, 102 F.3d 1479, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without allowing plaintiffs to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.,* 2014 U.S. Dist. LEXIS 28938, at *3-4 (D. Ariz. Mar. 5, 2014).

## CONCLUSION

Plaintiff seeks leave to file a *sur*-reply to further clarify the above points. If the foregoing points are satisfactory to the court in making its assessment, then Plaintiff can forego filing the *sur*-reply. However, if the court believes that the Defendants' statements are genuine, then Plaintiff intends to provide further rebuttal for Defendants' points not made in its initial Motion to Dismiss.

**DATED: January 2, 2024**    **RESHMA KAMATH**

*/S/ Reshma Kamath*

Reshma Kamath, Plaintiff,
*In Propria Persona*

# PROOF OF SERVICE
## F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am employed in, the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real, Suite 120, #1084, Menlo Park, California 94025, United States, and e-mail address is reshmakamath2021@gmail.com for electronic-service. On January 2, 2024, I served the following document(s), by method(s) indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST.*

**PLAINTIFF RESHMA KAMATH'S REQUEST FOR LEAVE TO FILE A *SUR-REPLY*; AND FURTHER JUSTIFICATION FOR SANCTIONS REQUESTED IN THE OPPOSITION IN THE AMOUNT OF $10,500 AGAINST ATTORNEYS JASON TAKENOUCHI AND HARRISON SMALBACH;**

**PROOF OF SERVICE**

**ELECTRONIC SERVICE** In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein. [NOTICE OF C.C.P. SECTION 1010.6].

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 2nd day of January 2024.

*/s/ Reshma Kamath*
Reshma Kamath

**SERVICE LIST**

Harrison S. Smalbach Senior Counsel
E.: harrison.smalbach@biz2credit.com
Address: unknown/not provided (O) 212.644.4555 ext. 109

Jason S. Takenouchi
E.: JTakenouchi@kasowitz.com
Address: Kasowitz Benson Torres LLP
101 California Street Suite 3950, San Francisco, CA 94111
Tel. (415) 655-4356 Fax. (415) 520-9237

Attorneys for Defendants ITRIA VENTURES, LLC, a Delaware LLC; AMIT MISHRA, an individual; BIZ2CREDIT, INC., a New York Corporation; PATRICK COLE, an individual with the pseudonym