1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     RESHMA KAMATH,                              Case No.  23-cv-05153-SVK

8                      Plaintiff,

9           v.                                    **ORDER GRANTING MOTION TO
                                                  DISMISS WITH LEAVE TO AMEND**
10    ITRIA VENTURES, LLC, et al.,
                                                  Re: Dkt. No. 9
11                   Defendants.

12          *Pro se* Plaintiff Reshma Kamath agreed to sell her business's receivables to Defendants in

13    exchange for funding for her business.  As is common in asset sales, Plaintiff authorized

14    Defendants to file a financing statement recording Defendants' potential interest in the

15    receivables, and Defendants conditioned their obligation to provide funding on a due-diligence

16    review of the business's finances.  Defendants accordingly filed a financing statement with the

17    California Secretary of State, and following their review of the business's finances, offered

18    Plaintiff less money than contemplated by their agreement.

19          Frustrated by Defendants' conduct, Plaintiff commenced this action.  *See* Dkt. 1 (the

20    "Complaint").  Defendants filed a motion to dismiss.  *See* Dkt. 9 (the "Motion").  Plaintiff filed an

21    opposition.  *See* Dkt. 13 (the "Opposition").  Defendants filed a reply.  *See* Dkt. 18.  All necessary

22    Parties—Plaintiff and named Defendants—have consented to the jurisdiction of a magistrate

23    judge.[1]  *See* Dkts. 7, 11.  The Court has determined that the Motion is suitable for resolution

24

25    _____

26    [1] In addition to named Defendants, Plaintiff also sued 10 Doe defendants.  *See* Complaint ¶ 8.
      These Doe defendants are not "parties" for purposes of assessing whether there is complete
      consent to magistrate-judge jurisdiction.  *See Williams v. King*, 875 F.3d 500, 502-505 (9th Cir.
27    2017) (magistrate-judge jurisdiction vests only after all named parties, whether served or
      unserved, consent); *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at
      *1 n.1 (N.D. Cal. Feb. 28, 2020) (*Williams* does not require consent of unnamed Doe defendants).
28

United States District Court
Northern District of California

1   without oral argument.  *See* Civil Local Rule 7-1(b).  After considering the Parties' briefing,

2   relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the

3   Motion and **DISMISSES** all of Plaintiff's claims **WITH LEAVE TO AMEND**.

4   **I.      BACKGROUND**

5          The following discussion of background facts is based on the allegations contained in the

6   Complaint, the truth of which the Court accepts for purposes of resolving the Motion.  *See Boquist*

7   *v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022).  Plaintiff practices law in California through the

8   Law Office of Reshma Kamath, a sole proprietorship.  *See* Complaint ¶ 2.  In May 2023, she

9   reached out to Defendant Biz2Credit, Inc. ("Biz2Credit") about obtaining funding for her business

10  after viewing Biz2Credit's advertisements on television.  *See id.* ¶¶ 10-11.  She subsequently

11  entered into a Receivables Sale Agreement with Defendant Itria Ventures, LLC ("Itria"), an

12  affiliate of Biz2Credit.  *See id.* ¶¶ 5, 12; Dkt. 9-2 (the "RSA").

13         Under the RSA, Plaintiff agreed to sell her business's receivables to Itria in exchange for

14  about $50,000 in funding for her business.  *See* RSA at 1; *id.* § 1.  Plaintiff also agreed that Itria's

15  "obligation to fund [her business wa]s subject to due diligence review of [Plaintiff] or [her]

16  business, at [Itria's] sole discretion."  *See id.* § 1.  Lastly, Plaintiff "authorize[d Itria] to make any

17  UCC filing and/or recording relating to th[e RSA] (including filing a UCC-1 financing statement)

18  at any time with any governmental agency and/or office (including the office of the Secretary of

19  State), including without limitation to perfect [Itria's] rights and interests in the" receivables.  *See*

20  *id.* § 9(a).

21         After Plaintiff and Itria executed the RSA, Plaintiff, at Biz2Credit's request and as

22  contemplated under the RSA, shared certain financial information with Biz2Credit.  *See*

23  Complaint ¶ 21.  Biz2Credit then informed Plaintiff that it could offer her only $20,000 or $30,000

24  in funding and not the $50,000 referenced in the RSA.  *See id.* ¶ 19.  Plaintiff did not accept this

25  smaller amount of funding.  *See id.* ¶ 20.

26         A few weeks passed by without any communication between the Parties until, on August

27  30, 2023, Plaintiff discovered "that a false UCC lien [had been] filed against her name and that of

28  her business" with the California Secretary of State.  *See id.* ¶ 24.  Plaintiff immediately contacted

United States District Court
Northern District of California

1    Defendants, informed them that she declined to accept any funding from Itria or Biz2Credit and
2    requested that Defendants terminate the "UCC lien." *See id.* ¶¶ 24-34.  Defendants complied.  *See*
3    *id.* ¶ 35; Dkt. 9-3 (the "UCC-3 Statement").  About a month later, Plaintiff commenced this action
4    to recover for Defendants' failure to provide her with $50,000 in funding and Defendants' filing of
5    the "UCC lien," as well as Defendants' alleged fraud and false advertising that led her to enter into
6    the RSA. *See id.* ¶¶ 47-147.

7    ## II.      LEGAL STANDARD

8          Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it
9    "fail[s] to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion, a
10   plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
11   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This facial-plausibility standard requires a plaintiff
12   to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully."
13   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

14         Where a plaintiff alleges fraud, Rule 9(b) requires that they "must state with particularity
15   the circumstances constituting fraud."  To satisfy this heightened pleading standard, a plaintiff
16   must allege facts "specific enough to [notify the defendants] of the particular misconduct
17   [constituting fraud] so that they can defend against the charge and not just deny that they have
18   done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citation
19   omitted).  Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific
20   content of the false representations as well as the identities of the parties to the
21   misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).
22   In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and
23   how' of the misconduct charged." *Kearns*, 567 F.3d at 1124 (citation omitted).  A plaintiff "must
24   [also] set forth what is false or misleading about a statement, and why it is false." *Ebeid ex rel.*
25   *United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (citation omitted).

26         In ruling on a motion to dismiss, a court may consider only "the complaint, materials
27   incorporated into the complaint by reference, and matters [subject to] judicial notice." *UFCW*
28   *Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted).  A court

United States District Court
Northern District of California

3

must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in their favor. *See Boquist*, 32 F.4th at 773. However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

## III.   DISCUSSION

Plaintiff asserts six causes of action in the complaint:

- Breach of the RSA.
- Fraud.
- False and misleading advertising.
- Breach of fiduciary duty.
- Filing a fraudulent lien and UCC filing.
- Defamation.

None of these claims survives scrutiny under Rules 12(b)(6) or 9(b).

### A.   Preliminary Matters

Before the Court begins its analysis of Plaintiff's claims, it must address two preliminary matters presented by the Parties: (1) Defendants' request for judicial notice and (2) Plaintiff's requests to file a sur-reply.

///

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1. <u>The Court Will Consider The RSA In Its Analysis</u>

Defendants request that the Court consider in its evaluation of the Motion two documents not appended to Plaintiff's Complaint: the RSA and the UCC-3 Statement terminating Defendants' financing statement. *See* Dkt. 9-1. Although courts generally may not consider materials outside a complaint in evaluating a motion to dismiss, "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998. The doctrine of incorporation by reference "permits [courts] to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). That is because courts are "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (citation omitted), *aff'd*, 691 F. App'x 393 (9th Cir. 2017); *accord In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Plaintiff incorporates into the Complaint by reference the RSA—Plaintiff expressly refers to a contract governing the terms of Itria's agreement to fund her business and brings a claim for breach of that contract. *See* Complaint ¶¶ 12, 47-54; *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." (citations omitted)); *see, e.g.*, *Cohen v. CBR Sys., Inc.*, 625 F. Supp. 3d 997, 1000 & n.3 (N.D. Cal. 2022) (contract incorporated by reference into complaint where contract "forms the basis" of breach of contract claim). Notably, Plaintiff does not dispute the authenticity of the RSA and does not oppose Defendants' request that the Court consider the RSA. *See, e.g.*, *Doe v. FullStory, Inc.*, No. 23-cv-00059-WHO, 2024 WL 188101, at *1 n.3 (N.D. Cal. Jan. 17, 2024) (judicially noticing document in light of plaintiff's non-

1    opposition).

2         With respect to the UCC-3 Statement, however, the Court concludes that its resolution of

3    the Motion would not change even if it considered that document in its analysis.  The Court

4    therefore declines to judicially notice that document or determine whether Plaintiff incorporated

5    that document into the Complaint by reference.  *See, e.g.*, *Sylabs, Inc. v. Rose*, No. 23-cv-00849-

6    SVK, 2023 WL 8813517, at *4 (N.D. Cal. Dec. 19, 2023) (denying as moot request for judicial

7    notice where court's analysis "would not change even if it . . . considered the documents in

8    question").

9                        2.      Plaintiff May Not File A Sur-Reply

10        After the Parties finished briefing the Motion, Plaintiff filed two requests to file a sur-

11   reply.  *See* Dkts. 19, 21.  In her first request, Plaintiff seeks leave to file a sur-reply to address

12   statements Defendants made in their reply brief that are allegedly baseless and privileged and to

13   address an exhibit that Defendants appended to their reply brief.  *See* Dkt. 19 at 3-7.  But the Court

14   does not base its decision in this Order on the statements in question or the exhibit appended to

15   Defendants' reply brief.  In her second request, Plaintiff seeks leave to file a sur-reply to

16   "elaborate further" on certain legal and factual issues.  *See* Dkt. 21 at 2-4.  But these legal and

17   factual issues do not concern any legal arguments or factual assertions raised for the first time in

18   Defendant's reply brief.  Thus, Plaintiff could have included such additional discussion in her

19   Opposition.  The Court therefore **DENIES** Plaintiff's requests to file a sur-reply.

20        **B.      Plaintiff Does Not Sufficiently Allege That Defendants Breached The RSA**

21        New York law governs the RSA.  *See* RSA § 15(a).  Under New York law, "the elements

22   of a breach of contract claim [are] . . . the existence of a contract, the plaintiff's performance

23   thereunder, the defendant's breach thereof, and resulting damages."  *Park v. Kim*, 205 A.D.3d 429,

24   430 (N.Y. 1st Dep't 2022) (citation omitted).  Plaintiff alleges Defendants breached the RSA by

25   (1) failing to loan her $50,000 and (2) filing a "false lien."  *See* Complaint ¶¶ 48-51.[2]  But neither

26

27   ────────────
     [2] Plaintiff does not explain why her breach-of-contract claim should apply to all Defendants even
28   though only Plaintiff and Itria entered into the RSA.  Because the Court concludes that Plaintiff
     fails to sufficiently allege the occurrence of a breach, it does not resolve this issue.

of these acts constitutes a breach of the RSA.

The RSA did not obligate Defendants to provide $50,000 in funding to Plaintiff, as it expressly conditioned funding on a due-diligence review at Itria's "sole discretion." *See* RSA § 1. Under these terms, Itria could decline to fund Plaintiff's business $50,000 without violating the RSA, and that is exactly what occurred.[3] Likewise, the RSA expressly permitted Itria to file a financing statement—what Plaintiff refers to throughout her Complaint as a "UCC lien." *See id.* § 9(a). Any amended pleading will not survive scrutiny under Rule 12(b)(6) unless Plaintiff identifies an obligation imposed on Defendants in the RSA with which Defendants failed to comply.

**C.    Plaintiff Does Not Sufficiently Allege That Defendants Engaged In Fraud**

"The elements of a cause of action for fraud in California are:  '(a) misrepresentation (false representation, concealment, or *nondisclosure*); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Kearns*, 567 F.3d at 1126 (citation omitted).  Plaintiff alleges that she "was fraudulently induced by Defendants" and that she "justifiably relied on Defendants' misrepresentations."  *See* Complaint ¶¶ 56, 96.  But she offers no allegations describing Defendants' misrepresentations, knowledge or intent and only conclusory allegations regarding her justifiable reliance and damages.  Further, in the section of her Complaint devoted to her fraud cause of action, she largely repeats her prior recitation of facts without highlighting any specific facts supporting her claim of fraud.  *Compare id.* ¶¶ 10-45, *with id.* ¶¶ 57-95.  This lack of detail falls well short of Rule 9(b)'s heightened pleading standard.

///

///

///

---

[3] Curiously, Plaintiff argues that she "voided and nullified" the RSA by rejecting any funding from Defendants <u>before</u> Defendants offered her $20,000 or $30,000 in funding.  *See* Opposition at 15; Complaint ¶¶ 18-19.  If Plaintiff terminated the RSA before Defendants offered her less than $50,000 in funding, then Defendants necessarily did not breach the RSA in making that offer because no contract that Defendants could have breached was in effect.

**D.    Plaintiff Does Not Sufficiently Allege That Defendants Engaged In False And Misleading Advertising**

Plaintiff alleges that Defendants violated three statutes in connection with their false and misleading advertising: the Lanham Act, the California False Advertising Law (the "FAL") and the California Consumer Legal Remedies Act (the "CLRA").[4]  A false-advertising claim under the Lanham Act has five elements:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Ariz. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (citations omitted).  The FAL prohibits disseminating untrue or misleading statements in connection with selling goods and services.  *See* Cal. Bus. & Prof. Code § 17500.  The CLRA prohibits engaging in certain enumerated categories of "unfair methods of competition and unfair or deceptive acts or practices" in connection with selling goods and services.  *See* Cal. Civ. Code § 1770.

Plaintiff fails to state a claim for violations of any of these statutes.  To support her claim, she offers only conclusory allegations.  *See, e.g.*, Complaint ¶¶ 102 ("Defendants made several false and misleading statements . . . ."), 103("Defendants made a farce to gather bank account information and personal data from Plaintiff . . . ."), 104 ("Defendants only intended to file a false and fraudulent UCC filing [which] . . . was in the guise and pretense of Defendants lending to her . . . ."), 105 ("Defendants misled that they would lend to law firms based on their false and misleading advertising.").  She does not describe any advertisements or representations that she

---

[4] Plaintiff also refers to Section 17536 of the California Business and Professions Code in the section of her Complaint devoted to her allegations of false and misleading advertising, but that Section merely describes the penalties a court may assess in connection with violations of the FAL and does not itself create a cause of action.  *See People ex rel. Feuer v. Superior Ct. (Cahuenga's the Spot)*, 234 Cal. App. 4th 1360, 1380 (2d Dist. Div. 5 2015).

United States District Court
Northern District of California

viewed, and she does not explain why these advertisements and representations were false or misleading.  Plaintiff must include such descriptions and explanations in her amended pleading.

### E.    Plaintiff Does Not Sufficiently Allege That Defendants Breached A Fiduciary Duty

"The elements of a cause of action for breach of fiduciary duty are:  1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." *Pellegrini v. Weiss*, 165 Cal. App. 4th 515, 524 (6th Dist. 2008) (citation omitted).  Plaintiff's breach-of-fiduciary-duty claim fails because she does not sufficiently allege the existence of a fiduciary duty or a breach of such duty.  She claims Defendants owed her a fiduciary duty "[a]s a financial credit institution" that "agreed to lend a sum of over $50,000 business loan for working capital" and that Defendants breached that duty by failing to pay her $50,000 and filing a "falsified and fraudulent lien." *See* Complaint ¶¶ 110-13.  But "[i]t is well-settled that parties to a contract do not by necessary implication become fiduciaries." *McGehee v. Coe Newnes/McGehee ULC*, No. 03-cv-05145-MJJ, 2004 WL 2496127, at *4 (N.D. Cal. Nov. 4, 2004) (citation omitted).  What elevates an ordinary contractual relationship to a fiduciary relationship "is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than those required of ordinary contractors." *See Wolf v. Superior Ct.*, 107 Cal. App. 4th 25, 30 (2d Dist. Div. 7 2003).

Nothing about Plaintiff's contractual relationship with Itria—a mere buyer-seller relationship—indicates that Defendants owed Plaintiff a duty of undivided loyalty.  Indeed, "California law is clear that an arm's length commercial transaction does not give rise to a fiduciary relationship." *Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*, No. 17-cv-03805-LHK, 2018 WL 1805516, at *12 (N.D. Cal. Apr. 16, 2018) (citations omitted).  Even if Defendants owed Plaintiff a fiduciary duty, Plaintiff has not alleged a breach of that duty; as discussed above, no breach of the RSA occurred.  If Plaintiff believes in good faith that the circumstances of her transaction with Defendants imposed a duty on Defendants beyond that imposed in an ordinary commercial relationship, and if Plaintiff believes Defendants' actions constituted a breach of that duty, she must include allegations to that effect in her amended

1    pleading.

2        **F.    Plaintiff Does Not Sufficiently Allege That**
              **Defendants Filed A Fraudulent Lien Or UCC Filing**
3
          Plaintiff alleges that, by filing the financing statement, Defendants filed a fraudulent lien
4
     and UCC filing in violation of Sections 9518 and 9625 of the California Commercial Code.[5]  As a
5
     preliminary matter, Section 9518 does not create a cause of action and does not prohibit fraudulent
6
     filings.  Rather, that Section permits an individual to file an information statement indicating that
7
     the individual believes a filed record "is inaccurate or was wrongfully filed."  *See* Cal. Com. Code
8
     § 9518(a).  In contrast, Section 9625 does create a cause of action for failing to comply with the
9
     filing requirements of the Commercial Code, but Plaintiff does not identify which requirement
10
     Defendants allegedly violated.  Further, the Court does not agree that the financing statement
11
     Defendants filed constituted a "fraudulent lien."  Plaintiff does not clearly explain why she
12
     believes the filing was fraudulent, but it appears she believes Defendants filed the financing
13
     statement without authority to do so.  *See* Complaint ¶¶ 120-22 (describing "false lien" as a filing
14
     "which has no legal basis, and/or which is based upon false, fictitious, or fraudulent statements
15
     and/or representations," noting that "[t]here was no monetary exchange between" the Parties and
16
     claiming Defendants "maliciously filed" the lien).  However, Defendants did act with authority—
17
     in the RSA, Plaintiff agreed that Itria could file a financing statement.  Thus, Plaintiff's amended
18
     pleading will not survive unless, in good faith, she bases an alleged violation of the California
19
     Commercial Code on something other than Defendants' filing of the financing statement.

20        **G.    Plaintiff Does Not Sufficiently Allege That Defendants Defamed Her**

21        "The tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d)

22   unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'"  *Taus v.*

23   *Loftus*, 40 Cal. 4th 683, 720 (2007) (citation omitted).  Plaintiff alleges that Defendants defamed

24   her by filing the financing statement.  Specifically, she asserts that "Defendants' UCC filing is

25   false, i.e., it is not true.  It is bogus."  Complaint ¶ 143.  But Plaintiff does not describe any

26

27   ───────────────
     [5] Plaintiff also refers to parallel provisions of the Delaware Commercial Code.  *Compare* Cal.
28   Com. Code §§ 9518, 9625, *with* Del. Code tit. 6, §§ 9-518, 9-625.

language in the financing statement or explain why such language was untrue and instead offers only a conclusory assertion of falsity. That will not do. To the extent Plaintiff claims that the mere filing of the financing statement constitutes defamation because Defendants did not maintain an actual or potential security interest in the underlying assets, the RSA disproves that assertion. Again, Plaintiff agreed in the RSA that Itria could file a financing statement concerning its interest in the receivables of Plaintiff's business. *See also Lyons v. Hall Ambulance Serv. Inc.*, 172 F.3d 57, 1999 WL 71366, at *1 (9th Cir. 1999) (substantial truth is a defense to defamation under California law). A defamation claim will therefore not survive in an amended pleading unless, in good faith, Plaintiff bases that claim on a publication other than the financing statement.

### H.    The Court Will Not Sanction Defendants' Counsel

In her Opposition, Plaintiff requests that the Court sanction Defendants' counsel under Federal Rule of Civil Procedure 11 and award her over $10,000 in legal costs for three reasons: (1) counsel failed to investigate Plaintiff's claim before filing the Motion; (2) counsel baselessly characterized her as "angry" and "indignant" in the Motion; and (3) counsel noticed the Motion for a January 23, <u>2023</u> hearing date (*i.e.*, a date that passed 11 months before Defendants filed the Motion). *See* Opposition at 22-23.

As an initial matter, Plaintiff did not submit her request for sanctions in the form of a standalone motion, which Rule 11 expressly requires. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . ."); *see also id.* advisory committee's note to 1993 amendment ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion."). Plaintiff also does not satisfy the Rule 11 standard for sanctions. Under Rule 11, a court may sanction an attorney for signing a filing containing, *inter alia*, "factual contentions [that do not] have evidentiary support." *See id.* 11(b)-(c).[6] The Court does not find that the

---

[6] Under Rule 11, a court may also sanction attorneys for signing filings that (1) they file for an improper purpose, (2) contain frivolous legal contentions or (3) lack an evidentiary or reasonable basis for denying factual contentions. *See* Fed. R. Civ. P. 11(b)-(c). It does not appear that any of these three bases for sanctions could apply to Plaintiff's request for sanctions, and Plaintiff does not clarify in her Opposition on which bases she seeks sanctions. The Court will therefore consider only whether the at-issue statements in Defendants' Motion lack evidentiary support,

assertions of fact in the Motion lack evidentiary support.

**With respect to Reason (1)**, the Court disagrees that Defendants' counsel did not sufficiently investigate Plaintiff's claim prior to filing the Motion.  Indeed, in this Order the Court grants the Motion.

**With respect to Reason (2)**, Defendants' descriptions of Plaintiff as "apparently indignant" and "apparently still angry" do not constitute "factual contentions" that may or may not lack evidentiary support.  *See* Motion at 7.  Rather, the Court views these statements as descriptions of Plaintiff representing Defendants' perceptions of Plaintiff's state of mind, which do not implicate the merits of this action or Defendants' Motion.  *See also* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("Rule 11 motions should not be made or threatened for minor, inconsequential violations . . . .").

**With respect to Reason (3)**, counsel obviously meant to notice the Motion for a hearing scheduled for 2024 and not 2023.  The error was harmless, and Plaintiff's attempt to make judicial hay (and recover legal costs) for the error is appropriately characterized as frivolous.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** all of Plaintiff's claims **WITH LEAVE TO AMEND**.  Plaintiff must file an amended complaint by **March 5, 2024**.  The Court will dismiss this action if Plaintiff fails to file an amended complaint by the deadline.

**SO ORDERED.**

Dated: February 13, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

---

which appears to be the only basis under Rule 11 that could apply to Plaintiff's request for sanctions.