**RESHMA KAMATH,**
700 El Camino Real, Suite 120, #1084
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
***IN PROPRIA PERSONA***

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

RESHMA KAMATH,

Plaintiff,

v.

BIZ2CREDIT, ET AL.,

Defendants

**Case No.: 5:23-cv-05153-SVK**

**OBJECTION *RE* MAGISTRATE JUDGE SUSAN VAN KALEN'S PREJUDICIAL AND OPINION-BASED ORDER OF FEBRUARY 13, 2024**

***TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD, HEREIN:***

## OBJECTION *RE* MAGISTRATE JUDGE SUSAN VAN KALEN'S PREJUDICIAL AND OPINION-BASED ORDER OF FEBRUARY 13, 2024

**Madeleine Albright famously stated, "There is a special place in hell for women who don't help other women."**

Reshma Kamath, *In Propria Persona*, has reviewed the racially misogynistic order devoid of merit and substance that Magistrate Judge Susan Van Kalen issued on February 13, 2024.

The opinion-based statements bordering on misstatements, omissions, and falsified sentences - had someone other than a judicial officer made it, Plaintiff Reshma Kamath would have **sued for defamation** of Reshma Kamath and the Law Office of Reshma Kamath.

For example, the entire paragraph one of Judge Susan Van Kalen's February 13, 2024 order lacks credible findings – it misstates several facts – there is **no chronology**, **no month, year**, **no citations to pleadings/docket entries**, and **conflates incidents in reverse order**. [**ECF Dkt. No. 22 Pg. 1 Lines 12-18**].

Understandable, that Judge Susan Van Kalen misses her lawyer days and wants to create an Opening Statement rather than an Order – but in this case, Judge Van Kalen is an independent, supposedly neutral judicial officer. However, Judge Susan Van Kalen has not demonstrated that impartiality.



Another very **prejudicial statement** that likens this to an Opening Statement of opinions is starting the Order with "*Pro Se*." Whether that is a slight to an attorney's merit or whether the judge thinks that this somehow is significant to the afore-captioned case, that word has **no bearing on this entire case's substance whatsoever**.

Yet more biased statements come that paragraph one of **ECF Dkt. No. 22 Pg. 1 Lines 12-18** where Judge Van Kalen only regurgitates the Defendants' Facts.

However, Judge Van Kalen has evidentiary documents and statements that, judge's opinions in **ECF Dkt. No. 22 Pg. 1 Lines 12-13** such as "Plaintiff authorized Defendants to file a financing statement recording Defendants' potential interest in the receivables" are **falsified**. Moreover, Judge Van Kalen's opinions in **ECF Dkt. No. 22 Pg. 1 Lines 13-14** such as "…Reshma Kamath agreed to sell her business's receivables to Defendants in exchange for funding for her business" are **falsified**. Then, Judge Van Kalen goes on to assert her **misguided opinions**, "**Frustrated** by Defendants' conduct," **ECF Dkt. No. 22 Pg. 1 Line 19. [Emphasis Added.]** *How the "Angry Minority" Trope Gaslights People of Color*. Kevin Leo Yabut Nadal, Ph.D., Psychology for the People.

In the section entitled, "I. Background", Judge Van Kalen then continues to make more misstatements, such as "Plaintiff "authorize[d Itria] to make any UCC filing and/or recording relating to th[e RSA] (including filing a UCC-1 financing statement) at any time with any governmental agency and/or office (including the office of the Secretary of State), including without limitation to perfect [Itria's] rights and interests in the" receivables." **ECF Dkt. No. 22 Pg. 2 Line 16-20.**

In that same section, Judge Van Kalen – **without a docket entry citation and no pleading where Judge got this misstatement from** - goes on in her reckless disregard for the truth to opine that "Plaintiff immediately contacted Defendants, informed them that she declined to accept any funding from Itria or Biz2Credit." **ECF Dkt. No. 22 Pg. 2 Line 28; Pg. 3 Line 1-2.** Neither had occurred on the stated date of August 30, 2023. The alleged decline had occurred over a month prior to the issuance of the UCC-lien – and no exchange of loan had occurred.

Further, in the Judge Van Kalen's section, "Plaintiff May Not File A Sur-Reply" there is not one case – not one code. Just statements from the Judge.

While moving on to the Causes of Action section, Judge Van Kalen makes the same non-substantive arguments that Defendants have made. That



somehow in Judge's misguided opinion that Plaintiff Reshma Kamath is alleging the RSA obligated Defendants to provide $50,000" – But Plaintiff Reshma Kamath **did not make that argument** – **nor did Reshma Kamath assert that.**

Now, Plaintiff Reshma Kamath will provide her opinions of this situation similar to what Judge Van Kalen has done.

There is much more non-substance and void of merit statements in the other causes of action such as fraud, misleading advertising and defamation that Judge Van Kalen acts such as Defendants' lawyer or in her writing as a college-student, could be a staff member drafted that – rather than a judicial officer of the California Northern District.

It is typical of White women to often support men of color – especially those with deep pockets such as Defendants. Indian women know this is true.

That is why not many Indian women, and women in general, file lawsuits in the United States – because we know that White people – men and women – will blindly support men.

Most White women pretend that they support women of color from other cultures, ethnicities, and races – but only when such women are submissive to them and in a junior role. *Dual cues: Women of color anticipate both gender and racial bias in the face of a single identity cue*, Kimberly E. Chaney



https://orcid.org/0000-0001-6450-9488 Kimberly.Chaney@rutgers.edu, Diana T. Sanchez https://orcid.org/0000-0002-8684-6183, and Jessica D. Remedios Volume 24, Issue 7 https://doi.org/10.1177/13684302209428

White people in this case women must know that Indian women have to deal with a double-edged sword – dealing with racial misogyny of White culture; and the extreme misogyny and women-hatred of Indian men towards ambitious, smart and intelligent Indian women. The world is witness to that – one can read and watch the news. *When White Women Cry: How White Women's Tears Oppress Women of Color*, Mamta Motwani Accapadi.

Plaintiff Reshma Kamath states that Judge Van Kalen has demonstrated that – as do many White people – Judge Van Kalen misunderstands what immigrant women of color are stating – even if in writing, and that White women overwhelmingly support affluent men of color. *White women's automatic attentional adhesion to sexism in the face of racism*, Kimberly E. Chaney, Diana T. Sanchez.

Plaintiff Reshma Kamath contends that Judge Van Kalen has shown that – without White people alongside Plaintiff Reshma Kamath, Judge Van Kalen will side where there is a White attorney or a male attorney. A consistent theme at the California Northern District and California courts: To deride women of color attorneys – who're sole practitioners or *in propria persona*. That

is why initially Plaintiff Reshma Kamath considered filing this lawsuit in New York or Delaware.

Finally, Judge Van Kalen must realize intuitively that Plaintiff Reshma Kamath is a much stellar attorney and whether in the United States or elsewhere, Plaintiff Reshma Kamath will rise to a higher place than her based purely on [*in propria persona* Plaintiff] Reshma Kamath's intelligence.

Basically more judicial accountability for the eternal feudalistic lord-type judges on the bench is required.

///

**FEBRUARY 14, 2024**

**RESHMA KAMATH**

/S/ Reshma Kamath

Reshma Kamath,
*In Propria Persona*

**PROOF OF SERVICE**
**F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260**

I am employed in the County of San Mateo, California. I am over the age of 18, and not a party to this action. My business address is: 700 El Camino Real Suite 120, #1084, Menlo Park, California 94025, and electronic-mail address is reshmakamath2021@gmail.com for electronic service. On February 14, 2024, I served the following document(s), by method(s) indicated below, on the parties in this action: **SEE ATTACHED SERVICE LIST.**

**OBJECTION *RE* MAGISTRATE JUDGE SUSAN VAN KALEN'S PREJUDICIAL AND OPINION-BASED ORDER OF FEBRUARY 13, 2024**

**ELECTRONIC SERVICE**
In electronically transmitting courtesy copies of the document (s) listed above to the email-address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error, as per the electronic service agreement between all parties and their attorneys of record, herein. [NOTICE OF C.C.P. SECTION 1010.6.]

///
I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 14th day of February 2024.

*/s/ Reshma Kamath*
Reshma Kamath



**SERVICE LIST**

Harrison S. Smalbach Senior Counsel
E.: harrison.smalbach@biz2credit.com
Address: unknown/not provided (O) 212.644.4555 ext. 109

Jason S. Takenouchi
E.: JTakenouchi@kasowitz.com
Address: Kasowitz Benson Torres LLP
101 California Street Suite 3950, San Francisco, CA 94111
Tel. (415) 655-4356 Fax. (415) 520-9237
Attorneys for Defendants ITRIA VENTURES, LLC, a Delaware LLC; AMIT MISHRA,
an individual; BIZ2CREDIT, INC., a New York Corporation; PATRICK COLE, an
individual with the pseudonym



RESHMA KAMATH
WWW.MYINSTALAWYER.COM